CITY OF PRAIRIE DU CHIEN, Plaintiff-Respondent,

v.

Gerald J. EVANS, Defendant-Appellant.†

Court of Appeals

*No. 80–383. Submitted on briefs December 18, 1980.— Decided January 22, 1981.*
(Also reported in 302 N.W.2d 61.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Gregory W. Wagner* and *The Legal Clinic, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Albert Harriman,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J., and Dykman, J.

GARTZKE, P.J. The defendant was charged with operating a motor vehicle in December, 1979, while under the influence of an intoxicant in violation of a city ordinance adopting sec. 346.63(1), Stats., and with refusing to take a test for intoxicants as required by sec. 343.305, Stats.[1] The city stipulated that the refusal was reasonable in return for defendant's plea of no contest to the charge of operating while intoxicated. The trial court accepted the plea and found the refusal to take the chemical test to be reasonable.[2] Defendant requested that he

---

[1] All references are to 1977 statutes.

[2] It is unclear why the issue of reasonableness was raised in the trial court. The reasonableness of the refusal was no longer an issue under the implied consent law after sec. 343.305, Stats., was repealed and recreated by sec. 7, ch. 193, Laws of 1977, effective July 1, 1978. *See* sec. 343.305(8)(b). The offense in this case occurred December 1979.

be allowed to take a safety dynamics course in vocational school in lieu of having his operating privileges revoked. The trial court entered judgment by which defendant's driving privileges were revoked for three months, and imposed a forfeiture, costs and penalty assessment which totaled $205. Defendant appeals from the judgment.

Defendant contends that the trial court could not revoke his operating privileges or impose a forfeiture but was required by sec. 343.30(1q)(a), Stats., to refer defendant for an assessment or allow him to attend the traffic safety school described in sec. 345.60, Stats. We reject that contention and affirm the judgment.

Section 343.30, Stats., provided in relevant part:

(1q) (a)  Upon the conviction of any person for violation of s. 346.63(1) or a local ordinance in conformity therewith, the trial court may, with the person's consent and prior to sentencing the person, order him or her to submit to an assessment by an approved public treatment facility as defined in s. 51.45(2)(c) by examination of the person's use of alcohol or controlled substances and development of a rehabilitation plan for the person. . . . If the court finds that assessment is not needed, it shall, with the person's consent, order attendance at a school under s. 345.60. If the school under s. 345.60 finds that assessment is needed, it shall report this to the court and the court may, with the person's consent, order assessment as provided in this paragraph. The department of health and social services shall establish standards for assessment procedures and rehabilitation plan programs by rule. . . . [T]he court may, with the person's written consent, order the person to comply with the rehabilitation plan . . . A person who fails substantially to comply with rehabilitation ordered under this paragraph shall have his or her operating privilege revoked by the court under par. (c) or (d).

(b)  Rehabilitation ordered and substantially complied with under par. (a) or a determination by a court that the person does not need assessment combined with an order to attend a school under s. 345.60 shall:

1. When revocation of an operating privilege would otherwise be required under par. (c), be in lieu of all or part of the revocation, as the court directs.

2. When revocation of an operating privilege would otherwise be required under par. (d), be in lieu of not more than the last 9 months of the revocation, as the court directs.

(c) Except as provided in par. (d), upon conviction of a person for violation of s. 346.63(1) or a local ordinance in conformity therewith the court shall revoke the person's operating privilege for not less than 3 months nor more than 6 months.

(d) The court shall revoke a person's operating privilege for one year when the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equal 2 or more within a 5-year period . . . .

This was the defendant's first conviction for drunken driving and therefore subsec. (c) applied, unless the court was required to take alternative action under subsec. (a).

The first two quoted sentences of sec. 343.30(1q) (a), Stats., give the trial court the option of ordering assessment for rehabilitation or, if assessment is not needed, attendance at traffic safety school. Trial courts are not required by sec. 343.30(1q) (a) either to refer a person convicted of a first drunken driving offense for an assessment or to order that person to attend a traffic safety school. Defendant's argument would convert his consent to assessment or attendance at school to his choice between revocation, assessment or school. The statute leaves the choice to the court, subject to defendant's consent as to assessment or school.

Defendant contends that sec. 343.30(1q), Stats., is unconstitutional as applied to him because all other convicted first offense drivers have the choice of not driving

or of receiving rehabilitation or attending school. According to the defendant the trial court's treatment of him constituted an arbitrary and invidious discrimination in violation of the fourteenth amendment to the United States Constitution and art. I, sec. 1 of the Wisconsin Constitution. The contention lacks a factual basis. Although persons in defendant's position may consent to assessment for treatment or to attending school, the record contains no evidence that other trial courts permit other persons to choose either of those alternatives in lieu of revocation of their operating privileges.

Defendant contends that the court abused its discretion by failing to state sufficient reasons for imposing the sentence. A sentence may be set aside as an abuse of discretion if the trial court did not set forth facts and the process of reasoning in the record by which the sentence was determined. *Klimas v. State,* 75 Wis.2d 244, 247, 249 N.W.2d 285, 287 (1977) ; *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971).

The city offered to prove that the defendant operated his vehicle over the centerline of a roadway, used foul language, failed dexterity tests, and appeared to have been drinking. Although the defendant had a good driving record, the trial court observed that the offense was serious because a high percentage of fatal automobile accidents involve drivers under the influence of intoxicants. The court concluded that the offense therefore warranted revocation as a deterrent, not only as to defendant but other members of the community. Revocation of defendant's operating privileges for three months was for the minimum period of revocation under sec. 343.30 (1q) (c), Stats. The trial court gave sufficient reasons for imposing revocation and the sentence is affirmed.

*By the Court.*—Judgment affirmed.