Klimas, Plaintiff in error, v. State, Defendant in error.

*No. 75-242-CR.  Submitted on briefs October 7, 1976.—*
*Decided January 18, 1977.*
(Also reported in 249 N. W. 2d 285.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

HEFFERNAN, J. The plaintiff in error, Alvin C. Klimas, hereinafter defendant, after a jury trial was convicted of the second-degree murder of his wife, Janice Marie Klimas. He was sentenced on June 24, 1974, to a term of not more than twenty years in the Wisconsin State Prison. The trial court denied his motion to modify the sentence brought on the grounds that it was excessive and failed to credit the time prior to trial when defendant was in custody because of financial inability to post the required bail.

We conclude that the trial judge did not abuse his discretion in determining the term of the sentence. We also conclude that the trial judge was obliged to credit all of the time prior to sentencing spent in custody because of financial inability to post bail. We remand solely for the purpose of ascertaining whether indigency was the reason for failure to post bail and, if so, for the computation of the number of days that must mandatorily be applied as a credit toward satisfaction of the sentence.

As a threshold question, the state argues that the motion for sentence modification was untimely and, therefore, should not have been considered in the trial court and should not be considered on appeal. The record shows that trial counsel made no post-conviction motions, and it was only on appeal after the appointment of the State Public Defender that a motion for sentence modification was made—about eight months after the original sentence. The state relies upon the statement of this court in *Hall v. State*, 66 Wis.2d 630, 634, 225 N.W.2d 493:

"*Hayes* [*Hayes v. State,* 46 Wis.2d 93, 175 N.W.2d 625 (1970)] requires that such motion be made within ninety days from the date of sentencing. In this case the motion was made more than three years after sentencing. Therefore, the motion was too late . . . ."

We have, however, held that the ninety-day period is not jurisdictional, but regulatory—that a challenge to a sentence may be made as a matter of right within the ninety-day period—and thereafter leave to challenge is a matter of court discretion. *Farley v. State,* 50 Wis.2d 113, 183 N.W.2d 33 (1971); *State ex rel. Warren v. County Court of Shawano-Menominee County,* 54 Wis.2d 613, 197 N.W.2d 1 (1972); *Kutchera v. State,* 69 Wis.2d 534, 230 N.W.2d 750 (1975).

In the trial court no objection was made by the state to the defendant's untimely motion, and it is at least arguable that any objection to the non-jurisdictional time limit has been effectively waived.

Also, under the facts of this case it was appropriate for the trial court to hear the motion for sentence modification. Defendant was sentenced on June 24, 1974. No motions were filed by trial counsel. The State Public Defender was misinformed of the date of sentence and assumed that the date for requesting sentence modification had passed prior to his appointment. In fact it had not, but the erroneous information accounts for the failure of the Public Defender to timely move for sentence modification. Under these circumstances we conclude that it was within the discretion of the trial court to entertain the motion, although the period of ninety days in which the motion could be brought as a matter of right had elapsed. The appeal from the order denying that motion is properly before us.

We conclude, however, that the trial judge did not abuse his discretion in imposing sentence, and the sentence and the order denying its modification must be affirmed.

In *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971), this court held that sentencing was an act of judicial discretion, and unless the trial judge set forth the facts of record and the process of reasoning by which the sentence was determined, the sentence would be reversed as an abuse of discretion. This holding was subject to this court's duty to uphold the sentencing decision if the supporting facts were apparent in the record.

■ Three of the factors to be considered in exercising sentencing discretion were restated in *Rosado v. State,* 70 Wis.2d 280, 291, 234 N.W.2d 69 (1975) :

". . . the gravity of the offense, the character of the offender [i.e., ' "rehabilitative needs of the defendant," ' *McCleary,* p. 276], and the need for protection of the public."

The Public Defender concedes that the trial judge considered each of these factors.

A review of the record shows that, at the sentencing, the trial judge recognized that the defendant suffered from mental and emotional problems. The judge pointed out that, were treatment the only purpose of sentencing, no custodial restraint would be appropriate. He stated, however, that additional factors were appropriate to be considered: Rehabilitation, punishment, and deterrence. At the hearing held on the motion to modify the sentence, the trial judge pointed out that he believed the sentence appropriate in light of the nature of the charge and the character of the defendant as revealed in the pre-sentence report and by psychiatric testimony. He stated also that he had considered the interests of society when he imposed a sentence that would deter others from committing similar offenses.

■ We conclude that the trial judge properly exercised his discretion in imposing sentence. He relied upon the facts of record; and on those facts, by a rational process, he arrived at a sentence determination that was con-

sistent with the facts and the rationale employed. We decline to modify that sentence.

It is also asserted that the trial judge was required to credit toward the service of the sentence imposed the time spent in pre-trial confinement because of financial inability to make bail. It is asserted that defendant was in custody for one hundred thirty-nine days because of indigency.

We conclude that, henceforth, and in the instant case, all pre-sentence confinement because of indigency must be applied toward the diminution of the sentence imposed.

Heretofore, this court has held that, where the sentence imposed is the statutory maximum, the time spent in custody prior to conviction *must be credited* against the sentence when such time in custody is the result of financial inability to post bail. We have also held that, when the sentence imposed is less than the statutory maximum, the sentencing court, "must, in exercising its discretion, *take into consideration,* in determining the length of sentence to be imposed, the time the defendant has spent in preconviction custody." (Emphasis supplied.) *Byrd v. State,* 65 Wis.2d 415, 425, 222 N.W.2d 696 (1974).

In *Byrd* this court based its rationale in respect to both the maximum sentence and the less than maximum sentence upon the denial of equal protection to those financially unable to post bail. The failure to credit pre-trial time or pre-sentence time in custody as the result of indigency means that persons similarly situated except for financial means are subject to different periods of confinement for the same crime. An additional period of confinement is imposed upon the poor person.

The law recognizes the overriding need of the state to assure the production of criminal defendants at trial. That need of the state is enforced by confinement prior

to trial or by imposition of bail terms that will assure the defendant's appearance at trial. Whether bail, once set, can be posted is dependent on the defendant's financial ability, but this implicit discrimination between the rich and the poor is tolerable in light of the state's overriding need to produce all defendants, rich or poor, at trial. Once the trial has been held, however, and the defendant found guilty, that particular overriding need of the state which may impel confinement prior to trial is at an end. There is no constitutionally sufficient reason to permit the pre-trial discrimination on the basis of wealth to go unrectified, if it is at all possible to do so. The obvious method of rectifying the inequality is to credit the preconviction time in partial fulfillment of the sentence imposed upon conviction.

*Byrd,* despite its foundation upon equal protection, did not mandate credit for pre-trial confinement occasioned by indigency where less than a maximum sentence was imposed. We believe that the logical conclusion of the *Byrd* rationale requires that, as a matter of equal protection, there be credit required for all pre-trial and pre-sentence confinement that results from the indigency of the defendant. *Byrd* and the cases following *Byrd* which require only that pre-trial confinement time on account of indigency need merely to be "considered" at sentencing are to that extent modified. In respect to this case and all cases in which sentence is imposed subsequent to the mandate of this case, all periods of custody occasioned by indigency shall be credited, as time already served, on the sentence imposed.

While sec. 973.15(1), Stats., in effect provides that a sentence shall commence only upon a defendant's entry into prison, a statute cannot deny what the constitution mandates. As we have established in *Byrd,* in respect to situations where the sentence imposed plus the pre-trial time exceeded the statutory maximum, we direct that the pre-trial custody time occasioned by indigency,

as well as other time spent in custody for that reason, be applied to reduce the sentence imposed.

This disposition is required by the reasoning of a long series of United States Supreme Court cases. *Griffin v. Illinois,* 351 U.S. 12 (1956) ; *Douglas v. California,* 372 U.S. 353 (1963) ; *Tate v. Short,* 401 U.S. 395 (1971) ; *Williams v. Illinois,* 399 U.S. 235 (1970).

Moreover, this court has specifically ruled in *State v. Wills,* 69 Wis.2d 489, 495, 230 N.W.2d 827 (1975), that the problem posed where there is a failure to credit pre-trial custody time is one of equal protection, and not double jeopardy, which may, under the *North Carolina v. Pearce,* 395 U.S. 711 (1969), rationale, be controlling where a maximum sentence is imposed. Once committed, as this court properly is, to an equal protection rationale, it is irrelevant whether the defendant, who has been incarcerated before trial because of indigency, is sentenced to a maximum term or to a lesser one. *Workman v. Cardwell,* 338 F. Supp. 893 (N.D. Ohio, 1972).

As the court of appeals stated in *King v. Wyrick,* 516 F.2d 321, 323 (8th Cir., 1975) :

"It is obvious, however, that equal protection considerations obtain as well in the case of an indigent prisoner who is denied jail time credit on a prison term less than the allowable maximum prescribed by statute. He still must serve a longer term in connection with the offense than would a wealthier prisoner who is sentenced to the same term but who is able to meet bail to avoid incarceration before trial and sentencing."

While we conclude that the equal protection provisions of the Constitution of the United States and the Fourteenth Amendment compel this court to require that what was heretofore considered dead time be credited to a sentence when that time in custody was due to indigency, it is apparent that we enter a field in which the legislature ought to act to implement in some detail the constitutional provisions.

The attention of the legislature is invited to the federal law, which requires the authority having custody of the prisoner to administratively credit all custodial time in satisfaction of the sentence imposed. Under the federal system, the trial judge, in the exercise of his discretion, imposes whatever sentence he concludes is appropriate under the circumstances; and after the prisoner is received at the institution, the prisoner's records are examined and he is credited by the custodial authority for the time in custody prior to receipt at the institution.

Sec. 18 U.S.C.A., sec. 3568, provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed . . . .

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

It should be noted that the federal system, by legislation and by rule requires that credit be given for "any days spent in custody" for whatever reason. We do not go that far, and in this opinion mandate only that where the custody is the result of indigency must credit be given as a constitutional matter. The federal treatment of the problem of pre-sentence confinement has much to recommend it. It is simple and it is just. All pre-sentence confinement, whether because of inability to make bail, unwillingness to be released on bail, or custody for examination, are treated alike and are ad-

ministratively, not judicially, credited toward satisfaction of the sentence.

At present, however, no such legislative scheme has been enacted in Wisconsin, and to implement this decision it thus is necessary for the trial judge to ascertain the number of days the defendant has been held in custody prior to sentencing for inability to make bail. This can be ascertained with the cooperation of counsel, the sheriff, and the official preparing a pre-sentence report. It is suggested that the trial judge sentence for the gross amount that he concludes, in his discretion, to be appropriate. He then should make a separate finding that the defendant has, because of indigency, been obliged to remain in custody for the ascertained period, and that such period of time be deemed time served in partial satisfaction of the sentence, and which time shall be credited as time served by the confining authority.

In the instant case we hold that, under the facts as set forth by the trial judge and as revealed by trial and in light of the judge's consideration of the nature of the crime, the defendant's character, and personality, and the need for custody to protect society, the trial judge properly exercised his discretion in imposing a sentence of not more than twenty years.

We conclude, however, that the judge, by not making an explicit finding of time spent in custody because of indigency and by not demonstrating that the defendant was credited with the time spent in custody because of financial inability to post bail, denied the defendant equal protection of the law.

The record is remanded to the trial judge for the purpose of making the following findings consistent with this opinion: (1) Was the defendant's pre-sentence custody caused by financial inability to make bail; and (2) if so, a finding of the number of days in custody for that reason. In the event that it is determined that Klimas was in custody because of indigency prior to

sentencing, it is directed that the trial judge order the prison authorities to credit the number of days so found in partial satisfaction of the sentence imposed.

*By the Court.*—Judgment and order affirmed; cause remanded for the purpose of making findings in respect to the time to be administratively credited in partial satisfaction of sentence, consistent with this opinion.