STRUZIK, Plaintiff in error, v. STATE, Defendant in error.†

Supreme Court

*No. 77–032–CR. Submitted on briefs May 31, 1979.—*
*Decided June 29, 1979.*
(Also reported in 279 N.W.2d 922.)

† Motion for reconsideration denied, without costs, on August 27, 1979.

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

HEFFERNAN, J. On April 12, 1977, James Allan Struzik, after a jury trial, was found guilty of burglary, contrary to sec. 943.10(1)(a), Stats. On May 9, 1977, a judgment of conviction was entered, and he was sentenced to a term of five years and fourteen days to be served at the Wisconsin State Prison.

Because he had spent fourteen days in custody prior to posting bail, the sentencing judge credited that period of time in partial satisfaction of the sentence.

The appeal presents two questions. The first is whether the evidence produced by the state—evidence that was wholly circumstantial—was sufficient to prove Struzik's guilt beyond a reasonable doubt. We conclude that the evidence was sufficient, and we affirm the judgment of conviction.

The second question is whether the trial court used the proper procedure in crediting the pretrial confinement time in partial satisfaction of the sentence. We conclude that the procedure used was an abuse of discretion. We therefore vacate the sentence and impose sentence in accordance with the standards and procedures heretofore approved by this court.

The defendant Struzik was found guilty of the burglary of a mobile home owned by Mr. and Mrs. William Kuehl in Waupaca county. It is undisputed that the mobile home was burglarized at about 6:30 p.m. on February 17, 1977. The only question for the jury at trial was one of identity: Was Struzik the burglar?

The burglar was not identified or apprehended at the scene. The state's case is based on evidence showing that the burglar left the scene in a white automobile bearing license number WB 4869 and evidence that Struzik was found driving that automobile three hours later. No proceeds of the burglary were found in the vehicle, but a flashlight, a screwdriver, and a pair of gloves were found in the car.

The burglary was reported after observations made by Chauncey Suprise, a neighbor of the Kuehls. Suprise testified that he was watching television in his own home, a distance equivalent to a short city block from the Kuehls' trailer, when he saw a car pull into the Kuehls' driveway. A few moments later he saw a car parked on the roadway near the foot of the Kuehls' driveway. This aroused his curiosity because he knew that the Kuehls worked in the evening and were unlikely to be home. He next observed the light of a flashlight around the Kuehl garage and mobile home. A light then went on in the interior of the mobile home. At this point, Suprise became suspicious and decided to investigate.

Suprise went to his own garage, opened the garage door, and backed his car out. During the brief interval he was in the garage, he lost sight of the Kuehl home. As he waited for traffic to pass before emerging from his own driveway, he saw that the light in the mobile home was out and saw a person coming down the Kuehl driveway toward the road. Because the Kuehl driveway was not well lighted near its intersection with the road, Suprise lost sight of the person at that point. He stated that it took him about twenty seconds to drive to the vicinity of the Kuehl driveway; and as he reached that point, he saw a person get into the parked vehicle.

Suprise said that less than thirty seconds had elapsed from the time he lost sight of the person in the driveway to the time he saw someone get into the driver's side of the car. No other persons were to be seen in the vicinity at the time. Because the parked car was heading south and Suprise's vehicle was heading north, it was necessary for Suprise to turn around to follow the vehicle. He turned in the Kuehl driveway, followed the vehicle, and determined that the car was white and that the vehicle license number was WB 4869. He stated that he was immediately behind the vehicle. The public defender

claims that Suprise lost sight of the car while turning around in the Kuehl driveway, but the record does not support this assertion.

Kuehl was called from work, and from his inspection it was apparent there had been a break-in. The door had been forced with an instrument that the Sheriff's investigator said at trial appeared to have been a round-shafted screwdriver. Clothes were strewn about the mobile home, but there was no evidence that anything, with the possible exception of three fifty-cent pieces, was missing. No fingerprints were discovered.

Pursuant to a police radio bulletin, the automobile bearing the license number WB 4869 was stopped in Neenah at about 9:30 p.m. The driver and only occupant of the car was James Allan Struzik. The car was registered in the name of Struzik's wife. A search of the automobile pursuant to a warrant revealed a flashlight in working order, a pair of gloves, a screwdriver with a round shaft, and a device for opening bottles and cans known as a "church key."

The defense rested immediately after the state put in its case, and neither Struzik nor his wife testified.

Although there was evidence to show beyond a reasonable doubt that there had been a burglary committed at the Kuehl mobile home, the sufficiency of circumstantial evidence by which the state sought to link Struzik to the crime is hotly disputed.

A finding of guilt may rest upon evidence that is entirely circumstantial. *State v. Smith,* 36 Wis.2d 584, 590, 153 N.W.2d 538 (1967). It is not unusual for all of the evidence to be circumstantial when burglary is charged because it is a crime of stealth. *Peters v. State,* 70 Wis.2d 22, 33, 233 N.W.2d 420 (1975). Whether the evidence is direct or circumstantial, the burden at trial is upon the state to prove the defendant guilty beyond a reasonable doubt. *State v. Smith, supra* at 590–91;

*State v. Johnson,* 11 Wis.2d 130, 137, 104 N.W.2d 379 (1960).

When the evidence is entirely circumstantial, the jury must be convinced to a moral certainty of the guilt of the defendant and the evidence must exclude to a moral certainty every reasonable hypothesis of innocence. This rule does not require the exclusion of all possible hypotheses of innocence, but only reasonable hypotheses. *Peters, supra* at 34; *Smith, supra* at 591; *Johnson, supra* at 135.

On appeal, this court must test the sufficiency of the evidence by "whether the evidence adduced, believed, and rationally considered by the jury was sufficient to prove the defendant's guilt beyond a reasonable doubt." *Peters, supra* at 33. *See also, Smith, supra* at 591; *Johnson, supra* at 137. It is not this court's role to re-try the facts and to determine whether it is convinced of guilt beyond a reasonable doubt, but only to decide whether the jury could find the defendant guilty beyond a reasonable doubt. *Gauthier v. State,* 28 Wis.2d 412, 416, 137 N.W.2d 101 (1965).

Although the public defender attempts to point out gaps in the evidence recounted by Suprise, we conclude, from an examination of the record that, on the basis of Suprise's testimony, the jury could conclude beyond a reasonable doubt that the person who burglarized the mobile home was the person who drove away in the white vehicle bearing license number WB 4869.

Suprise saw a gleam of a flashlight around the mobile home and the garage. He saw a light go on in the Kuehl residence. He then went to his car and, within a few seconds, saw that the light in the mobile home was off and that a person was walking down the Kuehl driveway at a "pretty good speed." He saw no other persons in

the vicinity. Seconds later he saw a person get into the driver's seat of the car later identified as bearing license plate WB 4869. The jury could conclude beyond a reasonable doubt that the person who entered the white vehicle was the burglar. The vehicle itself was identified by the direct observation of Suprise.

Whatever alleged deficiencies there may have been in the observation made by Suprise are questions for the jury. It is clear that the jury believed Suprise's statement that he saw a white car bearing the plate numbers that later served to identify it.

Moreover, when the car was searched, instruments found in the car were consistent with the observations of Suprise and the police investigators. A flashlight in working order was found. A screwdriver of the type that the investigator said could have been used to jimmy the door and gloves were also found. The presence of the gloves was consistent with the investigator's conclusion that, because no fingerprints were found, the burglar had used gloves to conceal his identity. These articles found in the car are not particularly probative of guilt, but their presence is completely consistent with the state's theory of the case. While the presence of these articles furnishes some circumstantial support that the vehicle searched was the one used by the burglar and identified at the scene, they do not add to the weight of evidence showing that Struzik was in the car when it drove away from the Kuehls' driveway. The weight to be given to these articles in determining the guilt or innocence of Struzik was a matter for the jury to determine.

The basic question is whether the facts proved—that a white car registered to the defendant's wife was seen

leaving the vicinity of the burglary and that the defendant was found driving that car three hours later— add up to sufficient evidence to permit the inference, beyond a reasonable doubt, that the defendant was the person who drove the car away from the vicinity of the burglary. We conclude that the inference so drawn is reasonable and is sufficient to prove beyond a reasonable doubt that Struzik was the same person who was driving the car in the vicinity of the burglary.

Wigmore points out that it is a fundamental and general principle of evidence that a prior or subsequent existence of a fact is evidence of both the later or earlier existence of that fact. He states:

"When the existence of an object, condition, quality, or tendency at a given time is in issue, the *prior existence* of it is in human experience some indication of its probable persistence or continuance *at a later period.*

". . . .

"Similar considerations affect the use of *subsequent existence* as evidence of existence at the time in issue." 2 Wigmore, *Evidence,* sec. 437, p. 413.

Accordingly, the jury could permissibly draw the inference that the person driving the car when it was stopped later in the evening was the same person who was driving it immediately following the burglary. On the basis of this inference, the jury could reach the conclusion, when coupled with other circumstantial evidence, that Struzik was the burglar. The jury could find that Struzik was the driver of the car used to get away from the scene of the burglary. The inference shifted neither the burden of proof nor the burden of persuasion to the defendant. It did, however, permit the jury to make a finding of fact that was probative beyond a reasonable doubt of a defendant's guilt. We conclude, therefore, that the identity of Struzik as the burglar was proved beyond a reasonable doubt.

Accordingly, all elements of the crime were proved—the intentional entry of a dwelling without consent, the intent to steal, and the identity of the defendant Struzik as the person who committed the burglary. We conclude that the evidence was sufficient to establish guilt beyond a reasonable doubt, and we affirm the conviction.

We cannot affirm the sentence. The trial court at the time of sentencing acknowledged that Struzik was entitled to fourteen days credit for incarceration prior to posting bail. The court accomplished this credit by sentencing the defendant to five years and fourteen days. The court stated:

"It is the sentence of the Court and you are hereby sentenced to five years and 14 days in State Prison System. Waupun will be the reception center, and you will be given credit for 14 days of that sentence."

The peculiar length of the sentence transparently reveals that the trial court added to the appropriate sentence the time already served, so that the sentence after the application of the credit would still constitute the sentence originally determined.

Under the procedure outlined in *Klimas v. State*, 75 Wis.2d 244, 252, 249 N.W.2d 285 (1976), we pointed out that the trial court should first determine an appropriate sentence, then determine the time spent in preconviction custody, and finally credit that time toward the sentence imposed. The court in the present case found that fourteen days was creditable toward satisfaction of the sentence, then determined the sentence, and applied the time served to the sentence. This technique subverts the constitutional right of a convicted prisoner to have time previously served (in circumstances where the time should be credited) applied toward the reduction of an appropriate sentence. This

procedure is a clear abuse of discretion. We modify the sentence to provide that the term be for a period of five years and that the fourteen days of incarceration be credited toward the satisfaction of that five-year term.

While the state argues that the record does not demonstrate that the pretrial incarceration was due to indigency and that therefore no credit should be allowed, we conclude that the state waived any objection to crediting the time when it tacitly acknowledged at trial that a credit of fourteen days was appropriate. The state also argues that the applicability of the fourteen-day credit is moot because Struzik is serving concurrent sentences in excess of the five-year term. We cannot agree with that contention because the reduction of the instant sentence by fourteen days may well have the effect of advancing the date of parole eligibility.

The sentence is modified by imposing a sentence of five years, to which shall be credited fourteen days for pretrial incarceration. As modified, the sentence is affirmed.

*By the Court.*—Judgment affirmed in part and modified in part and, as so modified, affirmed.