COURT OF APPEALS
DECISION
DATED AND FILED

September 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2020AP1341-CR**
**2020AP1342-CR**
**2020AP1343-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos.  2008CF543
2008CF1048
2008CF1051

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

ANTONIO K. DAVENPORT,

    DEFENDANT-APPELLANT.

           APPEALS from judgments and an order of the circuit court for Rock County:  KARL HANSON, Judge.  *Affirmed.*

           Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

           **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Antonio Davenport challenges the prison sentence he received after the revocation of his probation.  Davenport contends that he is entitled to resentencing because the circuit court judge who imposed his revocation sentence did not review the original sentencing transcript or otherwise have a full understanding of the entire record.  We affirm.

¶2    In 2008, Davenport pled guilty to and was convicted of two counts of felony bail jumping and two counts of delivery of cocaine.  The circuit court withheld sentence and imposed a term of probation, consecutive to a prior prison sentence.

¶3    About ten years later, Davenport's probation was revoked, and he was returned to court for sentencing before a different circuit court judge.  During the sentencing hearing, the circuit court stated that it had reviewed both the original presentence investigation report and the revocation summary materials.  The court did not state whether it had also reviewed the original sentencing transcript.  The court sentenced Davenport to a total of seven years of initial confinement and nine years of extended supervision.  We reference additional facts as needed below.

¶4    We review a circuit court's sentencing decision for an erroneous exercise of discretion.  *State v. Fenz*, 2002 WI App 244, ¶6, 258 Wis. 2d 281, 653 N.W.2d 280.  "When considering a challenge to a sentence after revocation, we review both the original sentencing and the sentencing after revocation 'on a global basis, treating the latter sentencing as a continuum [sic] of the first.'"  *State v. Reynolds*, 2002 WI App 15, ¶8, 249 Wis. 2d 798, 643 N.W.2d 165 (alteration in original) (quoting *State v. Wegner*, 2000 WI App 231, ¶7, 239 Wis. 2d 96, 619 N.W.2d 289).

2

¶5     In *Reynolds*, this court stated that, "when the judge is not the one who presided at the original sentencing, it is particularly important that the judge, '[l]ike the appellate court, ... be able to rely upon the entire record, *including the previous comments at the first sentencing.*'" *Id.*, ¶9 (emphasis in *Reynolds*; quoting *Wegner*, 239 Wis. 2d 96, ¶9).  We concluded in *Reynolds* that the court imposing Reynolds' revocation sentence "was required to be informed of the trial record and [the original judge]'s assessment, based on the evidence, of the severity of Reynolds' crime." *Id.*, ¶14.

¶6     Relying on *Reynolds*, Davenport argues that the circuit court erroneously exercise its discretion when imposing his revocation sentence because the court did not review the transcript of the original sentencing hearing or otherwise have a full understanding of the entire record.  Davenport concedes, in his reply brief, that he "does not claim that *Reynolds* announced a bright line rule mandating review of the original sentencing transcript in all cases."  He argues, however, that a review of the transcript was necessary here to ensure that the court had a complete understanding of the relevant facts.  The State counters that the record shows that the court was fully aware of the facts of Davenport's case, and that the court reasonably exercised its sentencing discretion.

¶7     We agree with the State.  As noted above, the circuit court stated that it had reviewed both the original presentence investigation report and the revocation summary documents.  Additionally, the prosecutor presented the court with a summary of Davenport's criminal history, including the offenses for which he was being sentenced.  We are satisfied that, consistent with *Reynolds*, the record establishes that the court was fully informed of the facts.

¶8      Davenport argues that the circuit court was not aware of the factors that the original sentencing court found most significant, namely, his history of addiction and substance abuse.  We disagree and conclude that the record instead supports a conclusion that the court was fully aware of Davenport's substance abuse history.  It is true that the court appeared to question whether Davenport still had a substance abuse problem.  However, the court's doubts as to whether Davenport had a current substance abuse problem do not show that the court was unaware of the significance of Davenport's substance abuse history.  Further, the court acknowledged the possibility that Davenport might still have substance abuse issues.  The court agreed with an assertion by Davenport's counsel that Davenport could receive substance abuse treatment in prison.  The court also stated, "[t]o whatever extent that you do have an addiction problem it should be addressed."

¶9      We conclude that Davenport's remaining arguments are not true **Reynolds** arguments but are instead challenges to the weight the circuit court gave to certain sentencing factors.  Such arguments are not persuasive, whether in the revocation context or otherwise.  "The weight to be given to each of the factors … is a determination particularly within the discretion of the [circuit] court." **State v. Davis**, 2005 WI App 98, ¶13, 281 Wis. 2d 118, 698 N.W.2d 823.  Here, the court reasonably based Davenport's sentence upon, among other permissible factors, the nature of Davenport's crimes, Davenport's continued drug dealing after he committed those crimes, and Davenport's failure to take advantage of the

opportunities he had been given on probation.[1]  The circuit court reasonably exercised its discretion.

*By the Court*.—Judgments and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

---

[1] The court in **State v. Reynolds**, 2002 WI App 15, 249 Wis. 2d 798, 643 N.W.2d 165, noted that "'a circuit court should, in imposing a sentence at a resentencing proceeding, consider all information relevant about a defendant, including information about events and circumstances either that the sentencing court was unaware of at the initial sentencing or that occurred after the initial sentencing.'" *See id.*, ¶13 (quoted source omitted).