COURT OF APPEALS
DECISION
DATED AND FILED

November 5, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2024AP975-CR**

Cir. Ct. No. **2020CF228**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

GILLIE ROBINSON,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Calumet County: JEFFREY S. FROEHLICH, Judge. *Affirmed*.

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Gillie Robinson appeals from a judgment entered following his guilty pleas to stalking resulting in bodily harm contrary to WIS. STAT.

§ 940.32(3)(a) (2023-24)[1] (Count 1), felony intimidation of a victim contrary to WIS. STAT. § 940.45(3) (Count 4), and possession of a firearm by a felon convicted out of state contrary to WIS. STAT. § 941.29(1m)(b) (Count 5), all as a repeater (WIS. STAT. § 939.62(1)(b)-(c)). He also appeals from an order denying his postconviction motion seeking an amendment to his sentence on the ground that the circuit court erroneously considered sentence credit in ordering that his sentences in this matter run consecutive to, rather than concurrent to, his Kenosha County sentences.[2] Based upon our review of the briefs and Record, we affirm.

¶2 In October 2020,[3] the State charged Robinson with the following seven counts, all as a repeater: (1) stalking resulting in bodily harm (WIS. STAT. § 940.32(3)(a)); (2) stalking—use of a dangerous weapon (§ 940.32(3)(c)); (3) misdemeanor battery (WIS. STAT. § 940.19(1) (2019-20));[4] (4) felony intimidation of a victim (WIS. STAT. § 940.45(3)); (5) possession of a firearm by an out-of-state felon (WIS. STAT. § 941.29(1m)(b)); (6) disorderly conduct (WIS. STAT. § 947.01(1)); and (7) telephone harassment (WIS. STAT. § 947.012(1)(a)). Because the majority of the counts stemmed from a prior romantic relationship, all but two of the charges—Counts 5 and 6—initially carried a domestic abuse designation. Robinson reached an agreement with the State and subsequently pled guilty to

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

[2] Kenosha County Circuit Court Case Nos. 2019CF1157 and 2019CM1225.

[3] The State filed an Amended Complaint in December 2020. The State also filed an Amended Information in April 2022 to clarify that Count 5, possession of a firearm as a repeater, was based on an out-of-state conviction. All subsequent references to the Complaint or Information are to the Amendments unless otherwise noted.

[4] WISCONSIN STAT. § 940.19(1) (2019-20) has since been renumbered to WIS. STAT. § 940.60(1). *See* 2025 Wis. Act 24, § 5.

Counts 1, 4, and 5, all as a repeater, and the remaining counts were dismissed and read in at sentencing. The domestic abuse designations were withdrawn on all counts at the State's request.

¶3 Pursuant to the plea agreement, the State argued for a total of six years of initial confinement and six years of extended supervision.[5] Robinson argued for one year of initial confinement on both Counts 1 and 4 and for 18 months of initial confinement on Count 5 with all counts running concurrent for a total of 18 months initial confinement. He also requested credit for time served.

¶4 Following argument, the circuit court noted there were multiple factors it was to consider at sentencing including "three main factors"—"the gravity or seriousness of the crimes," Robinson's character, "and the need to protect the public"—and sentenced Robinson to two years of initial confinement and two years of extended supervision on each count with each count running consecutive to the others. In doing so, the court noted the Pre-Sentence Investigation Report (PSI) recommended a similar sentence as the State, and it further explained that "all three of these felonies [are] serious violations" and that due to "the gravity of the offenses," Robinson's character, "and the ongoing need to protect the public[,]" the sentence imposed was "the minimum amount necessary[.]"

¶5 Near the end of the sentencing hearing, the circuit court acknowledged that Robinson "probably [has] fairly substantial credit" for time served; however, due to time constraints, it did not determine the sentence credit at the hearing and requested written submissions regarding the appropriate amount. At that time, the

---

[5] The plea agreement indicated the State would recommend two years of initial confinement and two years of extended supervision on both Counts 1 and 4 to run concurrent and an additional four years of initial confinement and fours years of extended supervision on Count 5 to run consecutive to the sentences for Counts 1 and 4.

State questioned whether the sentences in this matter would run concurrent or consecutive to Robinson's sentences in the Kenosha County cases, and the court noted that because "[i]t may come into play when calculating the credit, … the Court will indicate these sentences [are] to be consecutive to any other sentence." In a later written decision, the court ordered that the Judgment of Conviction reflect 246 days of sentence credit.

¶6 Robinson thereafter filed a motion for postconviction relief requesting that the circuit court modify his sentences to run concurrent to his Kenosha County cases and amend the Judgment of Conviction to reflect 424 days of sentence credit. Robinson based his argument on the court's recognition at the sentencing hearing that Robinson "probably [has] fairly substantial credit here" and more specifically, on its ensuing statement that "[i]t may come into play when calculating the credit, so the Court will indicate these sentences [are] to be consecutive to any other sentence." According to Robinson, this latter statement established that the court had improperly considered his sentence credit in imposing the sentences here consecutive to the Kenosha County cases and cited to WIS. STAT. § 973.155(1) and *State v. Walker*, 117 Wis. 2d 579, 345 N.W.2d 413 (1984), among other cases, in support. He further argued that the "narrow exception" set forth in *State v. Fenz*, 2002 WI App 244, 258 Wis. 2d 281, 653 N.W.2d 280, did not apply. The State, while "agree[ing] that *Walker* is the relevant case for consideration for [Robinson]'s argument," argued that *Walker* was distinguishable because here, the court applied the proper procedure by first determining the appropriate sentence and then determining and applying the amount of sentence credit due. The State further argued that Robinson had taken the court's comments out of context and asserted instead that the court's comments were made in reference to the fact that "[t]he Court needed to determine whether the sentences were going to be concurrent or

consecutive [to the Kenosha County cases] in order for the proper sentence credit calculation."

¶7    The circuit court denied Robinson's postconviction motion in a written decision on the basis that it had properly applied *Walker*'s sentence credit procedure.  The court first explained it had reviewed the sentencing hearing transcript and confirmed it had informed Robinson of the primary factors it would be considering (gravity/seriousness of the offense, Robinson's character, and protecting the public), "analyzed the seriousness of the offenses utilizing various factors," and "discussed the PSI recommendation[.]"  It then explained that: (1) after imposing the sentence, no time remained during the hearing to calculate and apply the amount of sentence credit Robinson was entitled to; (2) its comments that Robinson was due "fairly substantial [sentence] credit" and that the parties needed to know whether the sentences were concurrent or consecutive to the Kenosha County cases in order to calculate the proper amount of sentence credit were both made *after* it had already imposed the sentence; and (3) because the amount of credit due was not known at that time, the amount of credit was not "take[n] … into consideration at sentencing."  Robinson appeals.

¶8    Circuit courts have considerable discretion in fashioning an appropriate sentence, including in determining whether to impose consecutive or concurrent sentences, and we review sentencing decisions under the erroneous exercise of discretion standard.  *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197; *State v. Davis*, 2005 WI App 98, ¶27, 281 Wis. 2d 118, 698 N.W.2d 823; WIS. STAT. § 973.15(2)(a).  We also review a circuit court's application of sentence credit under the erroneous exercise of discretion standard. *See Fenz*, 258 Wis. 2d 281, ¶¶6-7.

5

¶9  The erroneous exercise of discretion standard likewise applies to our review of a circuit court's decision to grant or deny a motion for sentence modification.  *See State v. Noll*, 2002 WI App 273, ¶4, 258 Wis. 2d 573, 653 N.W.2d 895 ("We review a motion for sentence modification by determining whether the sentencing court erroneously exercised its discretion in sentencing the defendant.").  In reviewing such decisions, "we are obliged to search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained." *McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971); *State v. Taylor*, 2006 WI 22, ¶21, 289 Wis. 2d 34, 710 N.W.2d 466 (we may consider "the facts on record, and the court's articulated reasoning in the sentencing transcript and the postconviction order").  "A circuit court erroneously exercises its discretion when it bases its decision on a misstated fact or an incorrect view of the law." *See, e.g.*, *State v. Warbelton*, 2009 WI 6, ¶17, 315 Wis. 2d 253, 759 N.W.2d 557; *Taylor*, 289 Wis. 2d 34, ¶17.

¶10  Robinson asserts that the circuit court improperly considered sentence credit as a factor when it imposed sentences consecutive to, rather than concurrent with, his Kenosha County cases and that he is therefore entitled to sentence modification.  We disagree.

¶11  Pursuant to WIS. STAT. § 973.155(1)(a), "[a] convicted offender shall be given credit toward the service of his … sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed."  In applying a defendant's sentence credit, a circuit court is to first impose the sentence and then determine the amount of credit to be applied. *See Klimas v. State*, 75 Wis. 2d 244, 250-52, 249 N.W.2d 285 (1977) (explaining that the Fourteenth Amendment requires sentence credit and setting forth the process for courts to follow in applying credit to sentence); *Walker*, 117 Wis. 2d at 583, 586 (citing

6

*Klimas* and stating that a court is to first "determine an appropriate sentence, then determine the time spent in custody, and, finally, credit that time against the sentence imposed"). Section 973.155(2) codifies this process: "After the imposition of sentence, the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted, which finding shall be included in the judgment of conviction." Courts are to follow this procedure because "time previously served should not be a factor in the exercise of sentencing discretion because such credit is a constitutional right … which exists independently of what the trial judge determines to be appropriate punishment for a given offense." *Walker*, 117 Wis. 2d at 586. There are, however, circumstances in which a court may properly consider pending sentence credit in determining an appropriate sentence. *See Fenz*, 258 Wis. 2d 281, ¶¶10-11 (explaining that consideration of sentence credit was appropriate "[i]n order to accomplish [the court's] very specific incarceration goal" of rendering Fenz eligible for a "program [that] required at least six years incarceration").

¶12     Having reviewed the Record and the parties' arguments on appeal, we are satisfied that the circuit court followed the proper procedure as set forth in cases such as *Klimas* and *Walker* and that the court did not improperly consider Robinson's sentence credit in imposing Robinson's sentences consecutive to those in the Kenosha County cases. First, the court, after identifying the three primary factors it was to consider in imposing sentence—"the gravity or seriousness of the crimes," Robinson's character, "and the need to protect the public"—commented that "all three of these felonies [are] serious violations," detailed Robinson's history, and explained that based on the factors it was to consider, "a prison sentence is entirely appropriate[.]" The court immediately thereafter imposed sentence on each

7

of the counts. Importantly, the court did not discuss sentencing credit prior to imposing the sentences.

¶13 Next, and *after* imposing sentence, the circuit court went on to acknowledge that Robinson "has probably fairly substantial credit here" but explained that due to time constraints, it would be unable to determine the specific amount of credit due at the sentencing hearing. It therefore requested that the parties "submit something in writing" regarding the amount of credit the parties believed Robinson was entitled to, and it was within the context of this discussion that the statement Robinson challenges on appeal arose. Specifically, when the State asked for clarification as to whether the sentences imposed in this matter would run "[c]oncurrent or consecutive to the Kenosha cases[,]" the court stated that because "[i]t may come into play when calculating the credit, … the Court will indicate these sentences [are] to be consecutive to any other sentence." Finally, after the parties submitted their respective written positions regarding the amount of credit due, the court found that Robinson was entitled to 246 days and said that amount was to be reflected on the Judgment of Conviction.

¶14 Contrary to Robinson's belief that the circuit court's statement that "calculating the [sentence] credit" "may come into play" establishes that the court improperly considered the fact that credit was due in deciding to impose these sentences consecutive to the Kenosha County cases, it is clear that when taken in context of the sentencing hearing and Record as a whole, the court was clarifying information the parties needed in order to properly calculate the amount of credit each believed to be due to Robinson. Without such clarifying information, the parties would have been unable to submit accurate position statements in the requested written submissions regarding the amount of credit to be reflected in the

Judgment of Conviction. *See* WIS. STAT. § 973.155(2).[6] Moreover, as the court noted in its written decision denying Robinson's postconviction motion, at the time it imposed the sentences to run consecutive to the Kenosha County cases, it was unaware of any actual amount of credit due and that it had imposed the sentences to be "consecutive to any other case for the same reasons they were ordered consecutive to each other." Those reasons, as set forth at the sentencing hearing and as noted above, were due to the seriousness of the offenses, Robinson's character and history, and the need to protect the public.

¶15 As a final matter, we note that the circuit court's challenged comment and the sentence imposed are clearly distinguishable from cases such as *Struzik v. State*, 90 Wis. 2d 357, 279 N.W.2d 922 (1979), and *Walker*, 117 Wis. 2d 579, in which the respective courts clearly considered the amount of credit due in imposing sentence. In *Struzik*, for example, our supreme court concluded that the circuit court had erroneously exercised its discretion in imposing sentence where it was clear that the "five years and 14 days" sentence was imposed to account for the 14 days of sentence credit the court had previously been aware was due. *Struzik*, 90 Wis. 2d at 367. As the *Struzik* court explained, "[t]he peculiar length of the sentence transparently reveals that the trial court added to the appropriate sentence the time already served, so that the sentence after the application of the credit would still constitute the sentence originally determined." *Id.* This was contrary to "the procedure outlined in *Klimas*" as the *Struzik* circuit court first determined the amount of credit due and *then* determined the sentence and applied the time served.

---

[6] Robinson himself is clearly aware that knowing whether the sentences were concurrent versus consecutive to the Kenosha County sentences had the potential to make a difference in calculating the amount of credit to be applied, as his appellate briefs detail the amount of additional credit he believes would be available to him if the sentences were modified to run concurrent to the Kenosha County cases.

*Struzik*, 90 Wis. 2d at 367-68. Similarly, in *Walker*, the supreme court determined that the circuit court had "failed to follow the proper procedure in imposing the sentence" because it had considered the amount of time served in imposing sentence. *Walker*, 117 Wis. 2d at 584. There, however, the supreme court concluded that "the underlying sentence was valid" and simply "modif[ied] it to bring it into conformity with" WIS. STAT. § 973.155. *Walker*, 117 Wis. 2d at 584.

¶16 Here, the circuit court followed the proper procedure—first imposing sentence, then determining how many days of sentence credit were due, and finally including the amount of credit due in the Judgement of Conviction—and as explained, Robinson has otherwise failed to establish that the court improperly considered the amount of sentence credit due in imposing his sentence. Accordingly, because the court did not err, Robinson is not entitled to sentence modification, and we therefore affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.