STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph C. COLES, Defendant-Appellant.

Court of Appeals

*No. 96–0351–CR. Submitted on briefs December 3, 1996.—Decided January 29, 1997.*

(Also reported in 559 N.W.2d 599.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Keith A. Findley*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J. The principal issue on appeal is whether a felony sentence imposed against the appellant, Joseph C. Coles, must be deemed a concurrent sentence as a matter of law. Coles contends that the challenged sentence must be concurrent because the trial court did not expressly state that the sentence was consecutive to a "time served" misdemeanor sentence which the trial court had imposed moments earlier at the same sentencing hearing.

In a postconviction ruling, the trial court rejected Coles's argument. Instead, the court ruled that, despite its failure to expressly label the challenged sentence as consecutive, the structure of the sentences revealed the court's intent to do so. We uphold this ruling. Since the judgment, like the court's sentencing remarks, does not reflect that the challenged sentence is a consecutive sentence, we direct on remand that the judgment be modified to so state. Subject to that modification, we affirm the judgment.[1]

Alternatively, Coles challenges the methodology by which the trial court applied his sentence credit resulting in the "time served" misdemeanor sentence. However, Coles does not challenge the misdemeanor sentence itself. Instead, he contends that this methodology allowed the trial court to interpret the challenged felony sentence as a consecutive sentence. We conclude that the court did not err in the manner by which it applied the sentence credit and we affirm the postconviction order which rejected this challenge.

## FACTS

The facts are not in dispute. In an information, the State charged Coles with five counts. The first three counts charged felony offenses of unlawfully delivering a controlled substance pursuant to §§ 161.41(1)(cm) and 161.16(2)(b), STATS., 1993-94. The fourth count

---

[1] Although the multiple counts were addressed at a single sentencing and were recited in a single information, the cases were filed separately in the circuit court with separate file numbers. As a result, separate judgments were entered as to each sentence. Thus, the appellate record includes only the judgment of conviction which Coles challenges on appeal. The judgments reciting Coles's conviction on the other counts are not part of the appellate record.

charged a further felony offense of unlawfully possessing a controlled substance with intent to deliver pursuant to §§ 161.41(1m)(cm)1 and 161.16(2)(b). The fifth count charged a misdemeanor offense of obstructing an officer pursuant to § 946.41(1), STATS.

Pursuant to a plea agreement, the State dismissed the first two counts of the information which recited two of the three felony unlawful delivery charges. In exchange, Coles pled no contest to count three which alleged the remaining felony unlawful delivery offense, count four which alleged the felony possession with intent to deliver offense, and count five which recited the misdemeanor obstructing offense.

At the sentencing hearing, Coles requested that the trial court place him on probation. The trial court rejected this request, explaining why it was necessary to incarcerate Coles.

The trial court then spoke to the sentences. First, the court addressed count five, the misdemeanor charge. After determining that Coles was entitled to credit for 185 days of presentence confinement, the court imposed a "time served" sentence in that exact amount—185 days.[2]

Next, the trial court addressed count three, the felony charge of unlawful delivery of a controlled substance, which produced the challenged sentence. On this count, the court sentenced Coles to eight years. However, the court did not expressly state whether this sentence was concurrent or consecutive to the misdemeanor sentence which the court had imposed moments earlier. The written judgment of conviction is also silent on this point.

---

[2] "Time served" is our phrase, not the trial court's.

Finally, the trial court addressed count four, the felony charge of possession with intent to deliver a controlled substance. On this count, the court also sentenced Coles to eight years, but expressly stated that the sentence was consecutive to the eight-year sentence which Coles challenges on appeal. The court did not grant sentence credit against either of the felony sentences.

By postconviction motion, Coles argued that the 185 days of sentence credit which the trial court had already allowed against the misdemeanor sentence should also be credited against the sentence on count three, the sentence "sandwiched" between the initial misdemeanor sentence and the final felony sentence. Coles based his argument on the trial court's failure to expressly state that the challenged sentence was consecutive to the misdemeanor sentence. As a result, Coles contended that the challenged sentence ran concurrent with the misdemeanor sentence as a matter of law.

In support, Coles cited to three sources. First, he relied on the case law which holds that sentences are deemed to run concurrent in the absence of a statutory or judicial declaration to the contrary. *See In re McDonald*, 178 Wis. 167, 171, 189 N.W. 1029, 1030 (1922); *see also State v. Rohl*, 160 Wis. 2d 325, 330-31, 466 N.W.2d 208, 210 (Ct. App. 1991). Second, he relied on § 973.15(1), STATS., which provides that all sentences are deemed to "commence at noon on the day of sentence." Based on these two authorities, Coles reasoned that the misdemeanor sentence and the challenged sentence were concurrent as a matter of law. Third, in support of his credit request, Coles relied on the case law which holds that a defendant is entitled to dual credit for presentence confinement when

concurrent sentences are imposed. *See State v. Ward*, 153 Wis. 2d 743, 746-47, 452 N.W.2d 158, 160 (Ct. App. 1989).

The trial court rejected Coles's argument. The court stated that its intent was to impose consecutive, not concurrent, sentences. Although the court acknowledged that it had not specifically stated that the challenged sentence was to be consecutive, the court concluded that the sequence and structure of the progressive sentences demonstrated the court's intent to that effect. Having concluded that the challenged sentence was a consecutive sentence, the court rejected Coles's request for dual credit, relying on the case law which holds that dual credit is not allowed as to consecutive sentences. *See State v. Boettcher*, 144 Wis. 2d 86, 100-01, 423 N.W.2d 533, 539 (1988). Coles appeals.

## *DISCUSSION*

### *Consecutive or Concurrent Sentences*

The State does not dispute the correctness of the legal principles which Coles cited to the trial court and which he repeats on appeal. Nor do we. And, if we engaged in a mechanistic application of these principles, Coles would clearly prevail on this appeal.

But the law is not a science and the courtroom is not a laboratory. Instead, in addition to these well-established principles cited by Coles, we also properly look to the intent of the trial court when imposing the sentences. In some instances, if the court's intent is ambiguous, we will look to the entire record to determine the court's intent. *See State v. Brown*, 150 Wis. 2d 636, 641-42, 443 N.W.2d 19, 22 (Ct. App. 1989);

*see also State v. Lipke*, 186 Wis. 2d 358, 364, 521 N.W.2d 444, 446 (Ct. App. 1994).

■

Here, however, we need not resort to matters beyond the sentencing proceeding itself to determine the trial court's intent. Instead, we conclude that the sentencing hearing establishes that the court intended the challenged sentence to be consecutive to the previously imposed misdemeanor sentence.

We acknowledge that § 973.15(1), STATS., provides that all sentences are deemed to commence at noon on the day of sentence. However, the reality of this case is that the misdemeanor sentence had no prospective effect on Coles because the sentence was served the moment the trial court uttered it. Given the "time served" structure of the initial misdemeanor sentence and the progression by which the trial court moved from sentence to sentence, it logically follows that the challenged felony sentence could only be consecutive even though the court did not expressly so say.[3] Viewed in this light, it is not remarkable that the court did not expressly say that the challenged sentence was a consecutive sentence.

If we were to adopt Coles's argument and mechanistically apply the legal principles upon which he relies, we would thwart the trial court's sentencing structure. Absent an illegal sentence, we should not do so. Sentences are to be individualized to meet the facts

---

[3] Coles also argues that the challenged sentence must be deemed concurrent because the trial court did expressly say that the final sentence on the further felony was consecutive. We disagree. As we have explained, the court did not expressly say that the challenged sentence was consecutive because it functionally treated the challenged sentence as the only sentence which would have any prospective effect on Coles.

of the particular case and the characteristics of the individual defendant. *See State v. Holloway*, 202 Wis. 2d 695, 700-01, 551 N.W.2d 841, 844 (Ct. App. 1996). Coles's approach does not serve this end. Instead, the resulting sentences would be artificial, as if imposed in a vacuum. *See id.* at 701, 551 N.W.2d at 844.

Undoubtedly the better practice would have been for the trial court to expressly state that the challenged sentence was a consecutive sentence. But that failing should not undo what nonetheless is clearly conveyed by the words and the procedure which the court otherwise did use.

We affirm the trial court's postconviction order denying Coles's request for sentence credit against the challenged sentence. However, since the judgment, like the court's sentencing remarks, does not recite that the sentence is consecutive to the misdemeanor sentence, we direct on remand that the judgment be modified to so state. Subject to that modification, we affirm the judgment.

### *Sentence Credit Methodology*

Alternatively, Coles challenges the method by which the trial court applied his presentence confinement.

Specifically, Coles argues that the trial court's methodology ran afoul of *Struzik v. State*, 90 Wis. 2d 357, 279 N.W.2d 922 (1979). There, after determining that the defendant was entitled to fourteen days of sentence credit, the trial court imposed a sentence of "five years and 14 days." *Id.* at 367, 279 N.W.2d at 926. The supreme court reversed this "peculiar" sentence. *See id.* The court held that "the sentence transparently reveals that the trial court added to the appropriate sentence the time already served, so that the sentence

after the application of the credit would still constitute the sentence originally determined." *Id.* The court went on to instruct that a sentencing court should first determine an appropriate sentence and then determine and credit the presentence confinement. *See id.* Because the trial court reversed the process as outlined in *Struzik*, Coles argues that the court erred.

We first observe that Coles did not raise this particular issue in the trial court. On that threshold basis, we could deem this issue waived. However, because Coles intertwines this argument with the preceding issue, we will address it on the merits.

Coles contends that the trial court's alleged violation of *Struzik*, which created the "time served" sentence, was designed to foreclose the possibility of the challenged sentence being a concurrent sentence. However, the sentencing tactic which *Struzik* condemns is the grant of the required sentence credit in one judicial breath and the enhancement of the sentence by the same amount in the next. The supreme court said that such a tactic "transparently reveals" a design to frustrate the defendant's entitlement to the credit. *See id.* at 367, 279 N.W.2d at 926.

In this case, we see nothing in the trial court's methodology which reveals or suggests a suspect motive to deprive Coles of his rightful sentence credit. Although a "time served" sentence is not expressly recognized in the statutes, the sentence credit requirements of the law impliedly recognize and invite such a practice. And, we take judicial notice that trial courts routinely impose such sentences.

Here, the trial court granted Coles the full sentence credit to which he was entitled and then equated that credit with the sentence selected. Under

the facts of this case, we fail to see how such a sentence can even remotely suggest a suspect motivation on the part of the trial court. This is especially so when the sentence is less than the maximum authorized by the law and thus could have exceeded the credit.[4]

## CONCLUSION

On remand, we direct that the judgment of conviction be modified to comport with the trial court's intent to impose a consecutive sentence. Subject to that modification, we affirm the judgment. We affirm the order denying postconviction relief.

*By the Court.*—Judgment modified and, as modified, affirmed; order affirmed.

[4] Obstructing an officer is a Class A misdemeanor which carries maximum penalties of a fine not to exceed $10,000 or imprisonment not to exceed nine months, or both. Section 939.51(3)(a), STATS.