COURT OF APPEALS
DECISION
DATED AND FILED

February 18, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1623-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2017CF180**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CASEY T. WITTMANN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Outagamie County: MARK J. McGINNIS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 HRUZ, J. Casey Wittmann appeals a judgment of conviction and an order denying his postconviction motion for sentence modification. Wittmann argues the circuit court deviated from the proper sentencing procedure and deprived him of his lawfully earned sentence credit. At the inception of the

sentencing hearing, and again after analyzing the relevant sentencing factors but immediately before pronouncing a sentence, the court inquired about the amount of sentence credit Wittmann was owed, which was ultimately stipulated to be 245 days. The court ordered a ten-year sentence, consisting of three years, nine months' initial confinement and six years, three months' extended supervision. Under the circumstances present here, we conclude Wittmann has not met his burden of establishing that the court improperly lengthened his sentence in order to offset the sentence credit to which he was entitled. Consequently, we affirm.

## BACKGROUND

¶2     Wittmann pled guilty to a single count of child enticement involving sexual contact, with two other charges being dismissed and read in at sentencing. The charges stemmed from Wittmann's efforts to meet what he believed was a fourteen-year-old girl (it was in fact an undercover officer) after engaging the "girl" in Internet conversations in which Wittmann discussed a fetish that sexually aroused him. Wittmann did not post his bond and remained in custody following his arrest on February 22, 2017. At the plea hearing, the circuit court inquired about sentence credit, and defense counsel responded that the matter could be addressed at sentencing.

¶3     At sentencing, after addressing a few preliminary matters involving the presentence investigation report (PSI), restitution and victim's rights compliance, the circuit court asked what sentence credit Wittmann was owed. The State noted that Wittmann had been in custody since he was arrested, and defense counsel stated that, by his calculation, Wittmann was owed 245 days' sentence credit. The prosecutor said that amount sounded correct but he would verify the calculation while the defense was presenting its sentencing argument.

¶4 During sentencing arguments, the State recommended five years' initial confinement and five years' extended supervision. The defense recommended a withheld sentence or, in the alternative, three years' initial confinement with "a prolonged period of extended supervision." The PSI had recommended four or five years of initial confinement followed by four or five years of extended supervision. Following the sentencing arguments, Wittmann declined to exercise his right of allocution.

¶5 The circuit court identified its primary sentencing factors and goals. The court stated Wittmann's was an "odd, unusual, abnormal and sort of scary case." It noted that it had received many letters supporting Wittmann, but the court found that, given the extent of Wittmann's fetish, his criminal history involving past sexual offenses, and his risk to the community, a prison sentence was "not only … appropriate but … necessary."

¶6 The circuit court, by that point ready to pronounce Wittmann's sentence, then continued:

> [The Court:] So with all of that said, Mr. Wittmann, your sentence is going to be the following. Mr. Duros [the prosecutor], did you agree on that 245 days?
>
> Mr. Duros: Yes.
>
> The Court: Mr. Wittmann, you are going to be sentenced to the Wisconsin state prison system for a period of ten years. Your initial term of confinement in prison is three years nine months. The time you will serve on extended supervision is six years three months. The credit that you'll be given, as agreed upon, is 245 days; and that sentence will be consecutive to any and all other sentences.

The court adjourned the sentencing hearing after establishing the conditions of extended supervision.

3

¶7 Wittmann filed a motion for sentence modification, asserting that the circuit court had effectively canceled his sentence credit by enhancing his sentence. Wittmann reasoned that he had "between 8 and 9 months of sentence credit and the court imposed a sentence of 3 years and 9 months of [initial] confinement. The length of the sentence suggests that the court added to the sentence the amount of time Mr. Wittmann had already served." Wittmann also charged that the court had failed to follow the procedure set forth in *Struzik v. State*, 90 Wis. 2d 357, 279 N.W.2d 922 (1979), of "first determining the appropriate sentencing, then determining the time spent in preconviction custody, and finally crediting that time toward[] the sentence imposed." He asked that his sentence be reduced by 245 days.[1]

¶8 The circuit court held a postconviction hearing on Wittmann's motion. The court explained that its custom at sentencing is to ask preliminary questions about compliance with the victim's rights statute, the amount of any restitution, and the amount of any sentence credit. The court explained it used this process "so we don't forget to cover it on the back end because things get emotional when you give that prison sentence." The court stated "point blank, the sentence credit that was stipulated to by the parties is not the reason that I imposed a three-year-nine-month sentence of initial confinement."

---

[1] On appeal, Wittmann contends his postconviction counsel was mistaken to seek 245 days' sentence credit applied to the existing sentence. Rather, he contends the proper remedy, pursuant to *Struzik v. State*, 90 Wis. 2d 357, 279 N.W.2d 922 (1979), is that we "modify the sentence to 3 years with 245 days of sentence credit." We presume Wittmann means only his term of initial confinement should be reduced to three years, not that his total sentence should be reduced. In any event, because we conclude Wittmann has failed to demonstrate his sentence was improperly lengthened to offset his sentence credit, we need not consider whether his postconviction counsel pursued the appropriate form of relief.

4

¶9　　The circuit court then conducted a thorough, on-the-record review of the sentencing transcript. It noted that none of its sentencing remarks had referenced the amount of Wittmann's presentence confinement. The court acknowledged it was "not exactly sure" why it picked three years and nine months of initial confinement. It noted, however, that this amount was between the amounts the parties and the PSI had recommended and it "guess[ed] … that's what I thought was necessary to satisfy the punishment part of it and to send a message for specific deterrence given everything that I said and the [sentencing] factors." The court stated it would be cognizant of the issue going forward, but it did not "want to get in a position in this case or in any other case where I have to start doing years because I'm afraid of deviating from years to what someone might link to the credit."

¶10　　In all, the circuit court rejected the notion that there was a reasonable inference it had lengthened Wittmann's sentence based on the amount of his sentence credit, and it denied his motion for sentence modification. Wittmann now appeals.

## DISCUSSION

¶11　　The State first argues that Wittmann has forfeited his right to appellate review of his claim.[2] The State leans on the well-established rule that issues not presented to the circuit court generally will not be considered for the first time on appeal. *See **State v. Huebner***, 2000 WI 59, ¶¶10-11, 235 Wis. 2d 486, 611 N.W.2d 727; ***State v. Caban***, 210 Wis. 2d 597, 604, 563 N.W.2d 501

---

[2] Forfeiture is the failure to timely assert a right. ***State v. Coffee***, 2020 WI 1, ¶19, ___ Wis. 2d ___, ___ N.W.2d ___.

(1997).[3]   The State asserts Wittmann's argument may no longer be considered because he failed to object after the court's reference to sentence credit at the outset of the hearing, and again when the prosecutor agreed with the defense's calculation of credit just prior to the time the court imposed sentence.  Wittmann responds that it was sufficient for him to raise the issue via postconviction motion.

¶12   We agree with the State that the better practice is for defendants to raise any issues concerning the improper consideration of sentence credit at the time of sentencing.  As the State notes, a contemporaneous objection would have allowed the parties the opportunity to address the matter immediately at sentencing, rather than expending scarce judicial resources on postconviction procedures.  While there is a strong forfeiture argument here, we decline to apply the rule of forfeiture under the facts of this case and elect to reach the merits of Wittmann's arguments.  *See Caban*, 210 Wis. 2d at 609 (noting the rule of forfeiture is one of judicial administration and this court has the discretionary power to consider forfeited issues).  We do so because the issue implicates constitutional rights to equal protection of laws, and because the issue was fully briefed and considered by the circuit court as part of its postconviction review.

¶13   Turning to the merits, Wittmann's argument has two components.  First, he asserts WIS. STAT. § 973.155 (2017-18),[4] the sentence credit statute, sets forth a very specific sequencing requirement that mandates a circuit court

---

[3] The State's argument is slightly misdirected in this regard.  Wittmann *did* present his objection to the circuit court, but he did so after the sentencing hearing via a motion for sentence modification.  What the State actually faults Wittmann for is his failure to interpose a contemporaneous objection at sentencing, not any failure to raise to the issue prior to this appeal.

[4] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

"consider" the amount of sentence credit due only after imposing the defendant's sentence. Wittmann asserts the circuit court deviated from that requirement by inquiring—both at the inception of the sentencing hearing and again immediately before pronouncing sentence—about the amount of credit to which Wittmann was entitled.

¶14 Wittmann acknowledges that the case law interpreting WIS. STAT. § 973.155 does not establish a bright-line rule against a circuit court's consideration of sentence credit in any manner prior to imposing sentence. He therefore does not rely solely on the allegedly erroneous procedure in seeking sentence modification. Rather, he argues it is a combination of three circumstances that entitles him to relief: (1) the use of the allegedly improper sentencing procedure; (2) the court's failure to "express a sentencing-related purpose for considering sentence credit [before pronouncing sentence]"; and (3) the court's sentence itself demonstrates he was deprived of sentence credit.

¶15 Before delving too deeply into the case law, we must address our standard of review. Wittmann urges us to apply a de novo standard of review to all aspects of his postconviction motion, likening his claim to one that a sentencing court relied on inaccurate information. *See* **State v. Travis**, 2013 WI 38, ¶48, 347 Wis. 2d 142, 832 N.W.2d 491 (noting a reviewing court independently reviews the record of the sentencing hearing to determine whether there was actual reliance on inaccurate information). Additionally, he notes that the interpretation and application of a statute (in this case, WIS. STAT. § 973.155) is a question of law.

¶16 We conclude Wittmann is entitled to a de novo standard of review only with respect to the meaning and application of WIS. STAT. § 973.155. The proper interpretation and application of a statute is a question of law. *See*

*MercyCare Ins. Co. v. Wisconsin Comm'r of Ins.*, 2010 WI 87, ¶27, 328 Wis. 2d 110, 786 N.W.2d 785. A motion for sentence modification, however, is committed to the circuit court's discretion, *State v. Noll*, 2002 WI App 273, ¶4, 258 Wis. 2d 573, 653 N.W.2d 895, as is the original sentencing decision, *State v. Fenz*, 2002 WI App 244, ¶6, 258 Wis. 2d 281, 653 N.W.2d 280. This must be our standard of review because, as set forth below, the case law does not lend itself to independent determinations of a circuit court's intent in all but the most obvious cases where a circuit court has improperly lengthened a defendant's sentence based upon the consideration of sentence credit.

¶17 An exercise of discretion "contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *State v. Taylor*, 2006 WI 22, ¶17, 289 Wis. 2d 34, 710 N.W.2d 466. A circuit court erroneously exercises its sentencing discretion when it actually relies on clearly irrelevant or improper factors. *State v. Alexander*, 2015 WI 6, ¶17, 360 Wis. 2d 292, 858 N.W.2d 662. Importantly, a defendant must prove by clear and convincing evidence that the court relied on an improper factor at sentencing. *State v. Salas Gayton*, 2016 WI 58, ¶24, 370 Wis. 2d 264, 882 N.W.2d 459.

¶18 The discretionary nature of our review is illustrated by *Struzik*, the primary case on which Wittmann relies. There, our supreme court determined the circuit court had erroneously exercised its discretion by employing a procedure in which it first acknowledged that Struzik was entitled to fourteen days' sentence credit and then imposed a sentence consisting of five years and fourteen days' incarceration. *Struzik*, 90 Wis. 2d at 361, 367. Our supreme court concluded the "peculiar length of the sentence transparently reveals that the trial court added to

8

the appropriate sentence the time already served, so that the sentence after the application of the credit would still constitute the sentence originally determined." *Id.* at 367. Calling the circuit court's procedure "a clear abuse of discretion,"[5] the court modified the sentence to five years and applied fourteen days' sentence credit. *Id.* at 368.

¶19 Pursuant to *Struzik* and WIS. STAT. § 973.155(2), Wittmann argues that, procedurally, a circuit court should not consider, in any manner, the amount of sentence credit to which a defendant is entitled until after pronouncing sentence. The *Struzik* court, in addressing the procedural element of sentence credit, stated that a court "should first determine an appropriate sentence, then determine the amount of time spent in preconviction custody, and finally credit that time toward the sentence imposed." *Struzik*, 90 Wis. 2d at 367; *see also Klimas v. State*, 75 Wis. 2d 244, 252, 249 N.W.2d 285 (1977). The supreme court concluded that calculating the applicable amount of credit before determining the sentence (as the circuit court had done in that case) "subverts the constitutional right of a convicted prisoner to have time previously served (in circumstances where the time should be credited) applied toward the reduction of the appropriate sentence." *Struzik*, 90 Wis. 2d at 367.

¶20 Wittmann apparently concedes the procedural rule established by *Struzik* does not exist independent of a basis for challenging the amount of sentence credit awarded in relation to the sentence the defendant is actually given. In other words, Wittmann does not argue a defendant is entitled to sentence

---

[5] Our supreme court has since replaced the phrase "abuse of discretion" with the phrase "erroneous exercise of discretion." *See, e.g.*, *Shirk v. Bowling*, 2001 WI 36, ¶9 n.6, 242 Wis. 2d 153, 624 N.W.2d 375.

modification on procedural grounds if a circuit court's consideration of sentence credit prior to imposing sentence does not affect the sentence actually imposed. Cases decided subsequent to *Struzik* are in accord with this principle. *See State v. Armstrong*, 2014 WI App 59, ¶¶15-18, 354 Wis. 2d 111, 847 N.W.2d 860; *Fenz*, 258 Wis. 2d 281, ¶¶7-12; *State v. Coles*, 208 Wis. 2d 328, 336-37, 559 N.W.2d 599 (Ct. App. 1997). The defendant must be able to demonstrate a nexus between the court's consideration of sentence credit and the sentence subsequently imposed, such that it is clear the defendant was given a longer sentence because of the amount of credit to which he or she was entitled without a valid sentencing purpose.

¶21 For example, in *Coles*, the circuit court allegedly ran afoul of *Struzik*'s procedural requirements by considering sentence credit on a misdemeanor count (for which it ordered time served) before it imposed sentences for two felonies. *See Coles*, 208 Wis. 2d at 331-32. We recognized, however, that "the sentencing tactic which *Struzik* condemns is the grant of the required sentence credit in one judicial breath and the enhancement of the sentence by the same amount in the next." *Id.* at 336. We saw nothing in the circuit court's methodology in *Coles* to "even remotely suggest" a suspect motive to deprive Coles of his right to sentence credit; indeed, we noted the "time served" disposition amounted to a sentence that was less than the maximum authorized by law. *Id.* at 336-37.

¶22 In *Fenz*, too, we concluded "that the circuit court did not erroneously consider Fenz's presentence credit in determining his sentence and [that] … Fenz was properly credited for time served." *Fenz*, 258 Wis. 2d 281, ¶13. Fenz argued the circuit court had violated the *Struzik* procedure by considering the amount of his presentence incarceration when fashioning his

10

sentences for three counts of second-degree sexual assault of a child. *Fenz*, 258 Wis. 2d 281, ¶¶2, 10. We determined there was no *Struzik* violation because the court's sentencing goal was to ensure that Fenz received institutional sex offender treatment, which required it to know the amount of time Fenz would actually spend in prison. *Id.*, ¶10. We held that consideration of the amount of sentence credit is permissible if the court "articulate[s] a specific time-related incarceration goal" that requires such consideration. *Id.* *Struzik* merely established a "general rule"; a circuit court has the responsibility to fashion an appropriate sentence by considering all relevant factors, and unlike the circuit court in *Struzik*, the circuit court in *Fenz* had not increased the defendant's sentence because of the amount of sentence credit owed. *Id.*, ¶11.

¶23 Finally, in *Armstrong*, we reversed the defendant's sentence not because the circuit court had considered the amount of sentence credit in the first instance when fashioning his sentence, but because the court was mistaken about the amount of sentence credit to which the defendant was entitled. *Armstrong*, 354 Wis. 2d 111, ¶9. Defense counsel raised the issue of sentence credit during argument, and the sentencing court inquired about the amount of credit that was due prior to pronouncing sentence. *Id.*, ¶¶2-3, 15. The sentencing court believed Armstrong was entitled to two years' credit, when in fact he was eligible for only eight months' credit due to the structure of the sentences. *Id.*, ¶¶13-14. Using a "new factor" approach, we concluded that the amount of sentence credit was a factor highly relevant to the imposition of the sentence because the court recognized Armstrong would not be confined for long and would quickly have the opportunity to succeed on extended supervision and probation. *Id.*, ¶¶4-5, 16.

¶24 The upshot of *Struzik*, *Coles*, *Fenz* and *Armstrong* is that the principal evil to be avoided is the lengthening of a defendant's sentence to offset

the amount of his or her presentence confinement. Improperly adding time to a defendant's sentence in this manner violates WIS. STAT. § 973.155(1), which requires that a criminal defendant be given "credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." If the defendant is indigent, lengthening his or her sentence also gives rise to an equal protection violation, because all presentence confinement as a result of an indigent defendant's failure to post bail "must be applied toward the diminution of the sentence imposed." *Klimas*, 75 Wis. 2d at 248.

¶25 While *Struzik* sets forth a general procedural rule that a circuit court should consider sentence credit only after determining the appropriate sentence, *Coles*, *Fenz* and *Armstrong* establish that it is appropriate in certain cases for the court to consider sentence credit as part of its efforts to fashion an appropriate sentence. The case law thus comports with WIS. STAT. § 973.155(2), which states that "[a]fter the imposition of sentence, the court shall make and enter a specific finding on the number of days for which sentence credit is to be granted, which finding shall be included in the judgment of conviction." The statute does not establish a blanket prohibition on a circuit court considering sentence credit prior to imposing sentence. Wittmann reads too much into § 973.155(2) in concluding otherwise. That subsection merely directs that the court specifically determine the number of days of credit and then apply that credit to the sentence it has ordered. It is undisputed that the circuit court complied with the statute in this regard.

¶26 Having established the parameters of a circuit court's permissible consideration of sentence credit prior to imposing sentence, the question remains whether Wittmann was in fact denied his right to sentence credit in this case. Wittmann argues he was "lawfully entitled to 245 days of sentence credit, which is

between 8 and 9 months—albeit closer to 8 months." The court imposed a three-year, nine-month initial confinement term, which Wittmann argues "raises the same inference that existed in *Struzik*—that the court decided on a length of confinement (3 years) and then added 9 months to account for time already served."

¶27 We conclude the circuit court did not erroneously exercise its discretion when it denied Wittmann's motion for sentence modification. In particular, we determine that Wittmann has not met his burden of establishing that the court improperly lengthened his sentence in order to offset the sentence credit to which he was entitled. The court stated its subjective intent was not to impose a sentence that would offset the amount of Wittmann's sentence credit, and it reasonably concluded that there was not an inference to that effect under the circumstances of this case. Importantly, there is not clear and convincing evidence that either the sentence as a whole or the amount of initial confinement was affected by the amount of Wittmann's sentence credit.

¶28 To further elaborate, the term of initial confinement imposed here fell between the amounts recommended by the parties. The defense urged the court to impose a three-year initial confinement term, while the State argued for five years' initial confinement. The PSI recommended an initial confinement term of between four and five years. The total term of the sentence the circuit court imposed was a "round" number: ten years. The term of initial confinement, too, was expressed in a simple value: three years, nine months. Unlike the sentence in *Struzik*, the sentence here was not expressed in a number of days that corresponded to the sentence credit, nor did the "monthly" component of Wittmann's initial confinement directly correspond with the amount of his sentence credit.

13

¶29 Finally, the circuit court's "consideration" of the amount of sentence credit amounted to two passing references to determine whether the amount of sentence credit was stipulated. The substance of the court's analysis was focused on the proper sentencing factors in the context of the court's articulated sentencing goals. The court stated that its usual practice was to ask about the amount of sentence credit (among other matters) up front so that those issues were not lost in the emotional turmoil surrounding the imposition of a prison sentence. The amount of Wittmann's sentence credit played no apparent role in the circuit court's consideration of what an appropriate sentence would be for the offense at issue.[6]

¶30 "We presume the circuit court acted reasonably unless the defendant can demonstrate unreasonableness based on the record." *State v. Fisher*, 2005 WI App 175, ¶20, 285 Wis. 2d 433, 702 N.W.2d 56. Given the nature of the sentence in this case and its amount relative the various recommendations provided to the circuit court, it is not evident that Wittmann was deprived of his right to sentence credit. Wittmann was entitled to 245 days' sentence credit. At the postconviction hearing, the court correctly identified (and defense counsel conceded) that 245 days is closer to 8 months than to 9 months. The problem with the sentence in *Struzik* was that the five-year, fourteen-day sentence "transparently" revealed that the circuit court had fashioned it to offset the fourteen days of sentence credit to

---

[6] Because the amount of Wittmann's sentence credit played no apparent role in the sentence the circuit court imposed, Wittmann is correct that the court did not provide a "time-related incarceration goal" that permitted it to consider sentence credit as a sentencing factor. *See State v. Fenz*, 2002 WI App 244, ¶10, 258 Wis. 2d 281, 653 N.W.2d 280. The absence of such justification does not aid Wittmann here, as he still must demonstrate by clear and convincing evidence that his sentence was lengthened to offset his sentence credit. He has not done so.

which the defendant was entitled. *Struzik*, 90 Wis. 2d at 367. The sentence in this case is not analogous to that in *Struzik*—certainly not to such a degree that we can declare, as a matter of law, that the circuit court impermissibly considered Wittmann's sentence credit when fashioning it.

> *By the Court.*—Judgment and order affirmed.

> Not recommended for publication in the official reports.